Nicholson, C. J.,
delivered the opinion of the court.
This bill was filed by Cornelius to enjoin a judgment for about $250 in favor of Thoma.s, on a note made by Cornelius to Morrow and by him assigned to Thomas after its maturity.
No defense was made at law, upon the assumption that the matter of defense could be made available only in a court of chancery.
The bill was demurred to, on the ground that its allegations make a clear case of legal cognizance, and that as the defense was not made at law, it cannot be made in equity.
Chancellor Cooper was of opinion that the allegations of the bill make two defenses, one legal in its-character, and the other equitable, and that as the *631 demurrer was to the whole bill, it was good as to the legal, but not good as to the equitable defense, and therefore he overruled the demurrer and required the defendants to answer.
From this decree they have appealed.
The facts are fully and correctly set out in the opinion of the Chancellor.
There was a fund of $236 in the county court belonging to the children of Phebe Morrow, wife of John Morrow, she being entitled only to the annual interest of the fund.
Morrow and wife being unable to give security for the fund, so as to have the use of it, procured Cornelius to go on their bond as surety, upon the agreement that he was to hold and use the money, and pay to Morrow and wife ten per cent annually for the interest of it.
This arrangement was carried out, and the fund received by Cornelius, who thereupon gave to Morrow and wife his note at twelve months, bearing ten per cent interest.
The note so made was not to be paid until the money 'was called for by the county court, — only the interest to be annually paid. These stipulations were not set out in the note, but were made by parol.
Afterward Morrow and wife procured Cornelius to pay $20, the interest of the first year, in advance, and to execute a new note payable at two years in lieu of the first note.
Cornelius paid the $20, and made the new note and delivered it to a person named as depositary, *632 thus complying with his contract, but Morrow failed to deliver up the first note, and after it matured sold and transferred it to Thomas.
It is clear that upon the trial at law it would have been competent to prove the facts connected with the new note, and to have relied upon them as evidence that the first note was thereby satisfied and discharged ; but it is not clear that the contract for substituting the new note for the old one was so far consummated as to operate as a discharge and release of the first note in a court of law.
If Morrow had retained possession of the first note, Cornelius might have enforced a specific performance of the contract, and forced Morrow to deliver up the note; and as the note was transferred after maturity, Cornelius could enforce his equities against it in the hands of Thomas.
But it is not clear that this defense could have been effectually made at law, or at least so effectually as in equity.
But however this may be, it is obvious that at law Cornelius could not have had the benefit of an enforcement of the agreement, that the first note was only to draw the annual interest, and was not to be paid until called for by the county court.
This was a valid agreement, based on sufficient consideration, but not such as could have been enforced upon parol proof on the trial at law.
It follows that even if Cornelius could have availed himself of his legal grounds of defense at law, yet as this defense was not free from embarrassment, and as *633 he had a defense which was purely equitable, he had a right to resort to that, either with or without having first made his defense at law.
Without noticing other questions discussed in the case, we are satisfied that the demurrer was properly overruled, and we affirm the decree with costs.